## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

In re:

JAMES BRUCE KENDRICK, SR.,                    Case No. 6:12-bk-16342-ABB
                                              Chapter 7
     Debtor.
_____/

WELLS FARGO BANK, N.A.,

     Plaintiff,                              Adv. Pro. No. 6:13-ap-00017-ABB

vs.

JAMES BRUCE KENDRICK, SR.,

     Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Complaint For Determination of Non-Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(2)(A) and (B) (Doc. No. 1) filed by the Plaintiff Wells Fargo Bank N.A. ("Wells Fargo" or "the Bank") against the Defendant and Debtor James Bruce Kendrick Sr. ("Kendrick"). Wells Fargo requests the deficiency owed by Kendrick on a commercial loan made by the Bank to Kendrick's orthodontia practice be deemed nondischargeable on the basis Kendrick made a false representation on the Personal Financial Statement he submitted when seeking the loan.

The final evidentiary hearing was held on May 13, 2012 at which Kendrick, Wells Fargo, and their respective counsel appeared. The parties filed proposed findings of fact and conclusions of law pursuant to the Court's request. (Doc. Nos. 31, 32).

Kendrick's indebtedness to Wells Fargo is dischargeable and judgment is due to be entered in favor of Kendrick and against Wells Fargo pursuant to 11 U.S.C. Section 523(a)(2).  Kendrick is the successful party in this proceeding and is entitled, pursuant to the loan agreement and Fla. Stat. Section 57.105(7), to reasonable attorneys' fees and costs incurred defending it.

The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

Wells Fargo Practice Finance[1] extended a loan to Kendrick's orthodontia practice (the "Business") in 2010.  Kendrick was the sole owner of the Business and personally guaranteed the loan.

Wells Fargo provided Kendrick with a form Personal Financial Statement (PFS). Kendrick completed and signed the PFS on April 26, 2010, as a part of the loan application process.  The PFS asked the following question:

> Have you or any firm in which you are a major owner or guarantor ever declared bankruptcy or had a judgment against you?

Kendrick answered, "No." (Pl. Ex. 4).

Wells Fargo contacted Kendrick to verify the information in the loan application and obtained Kendrick's credit report.  Neither of these sources disclosed any bankruptcy filing by Kendrick or judgment against him.

---

[1] This division of Wells Fargo was then known as Matsco.  This opinion refers to the Bank, in all its forms and divisions, as Wells Fargo.

The Business and Kendrick defaulted on their loan obligations to Wells Fargo in 2012. Debtor filed his Petition on December 4, 2012.

Wells Fargo learned in 2013, by checking PACER[2] during the loan collection process, Kendrick had filed an individual Chapter 11 bankruptcy in 1998. The Chapter 11 filing was precipitated by an adverse arbitration award Kendrick was unable to pay. The arbitration award was dealt with in Kendrick's Chapter 11 case, and he received a discharge. These events occurred more than ten years before Kendrick completed the application for the loan from Wells Fargo.

Consumer credit reports generally do not disclose bankruptcy filings over ten years old. Wells Fargo had the ability to request a report that would have included older bankruptcy filings, pursuant to 15 U.S.C. Section 1681c(b), but it did not do so.

Kendrick testified:

1.  He answered the question about bankruptcy and judgments on the PFS in the negative because he did not believe "declar[ing] bankruptcy" included filing a Chapter 11 reorganization case.

2.  He understood "declar[ing] bankruptcy" to mean a liquidation.

3.  He did not understand an arbitration award to be the same as a judgment.

Kendrick's understanding and responses to the PFS are not unreasonable given the history and definitions of these terms.

Title 11 of the United States Code does not use the phrase "declare bankruptcy." There are fifty-five defined terms in 11 U.S.C. § 101; none of these is "declare,"

---

[2]Public Access to Court Electronic Records (PACER) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district and bankruptcy courts via the Internet.  PACER, http://www.pacer.gov/ (last visited June 26, 2013).

"bankrupt," or "declare bankruptcy."  The only term used in the Code to describe a person who files a bankruptcy petition is "debtor."  11 U.S.C. § 101(13).

The Bankruptcy Act of 1898, superseded as of 1978 by Title 11 of the Code, defined a "bankrupt" as a person proceeding "in a straight bankruptcy liquidation case." 11 U.S.C. § 101, Historical and Statutory Notes to the 1978 Acts.  The term "debtor" was used for a person proceeding under a rehabilitation chapter (Chapters 8 through 13 of the Act).  Id.  A person filing Chapter 11 was not a "bankrupt" under the Act.  Id.

Black's Law Dictionary defines "judgment" as "A court's final determination of the rights and obligations of the parties in a case."  Black's Law Dictionary 918 (9th ed. 2009) (emphasis added).  The same source indicates an arbitration results in a decision; there is no mention of a "judgment" in the context of arbitration.  Id. at 119.[3]

The form PFS Wells Fargo drafted and provided Kendrick is inartfully worded, ambiguous, and open to more than one interpretation.  The PFS does not define "declar[ing] bankruptcy" or "judgment."  Kendrick's interpretation that "declar[ing] bankruptcy" would not include reorganizing pursuant to Chapter 11 is not an unreasonable one.  Whether an arbitration award should have been disclosed in response to the PFS question is unclear.  The form does not ask about arbitration awards; neither does it state arbitration awards should be considered judgments.

Kendrick's construction of the PFS question (it asks about liquidations and judgments by a court) and negative response to that question are not unreasonable. Wells Fargo failed to establish his negative answer was intentionally false.

---

[3] The definition of arbitration is "A method of dispute resolution involving one or more neutral third parties who are usually agreed to by the disputing parties and whose decision is binding."  Black's Law Dictionary 119 (9th ed. 2009) (emphasis added).

4

The parties' pleadings request attorneys' fees and costs incurred in this proceeding. (Doc. Nos. 1 & 6). The Master Loan and Security Agreement between them provides for Wells Fargo's recovery of these amounts as a remedy for default. (Doc. No. 1, Ex. B. ¶ 15(c)).

## CONCLUSIONS OF LAW

Wells Fargo brought this action pursuant to 11 U.S.C. Section 523(a)(2)(A) and (B). The Bank contends Kendrick's answer to the question about declaring bankruptcy and having a judgment against him was an intentionally false and deceptive statement upon which the Bank justifiably relied to its detriment. Kendrick disputes the falsity of the statements and argues he did not intend to deceive the Bank.

Wells Fargo has the burden to establish the unsatisfied indebtedness is nondischargeable by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991); In re Wiggins, 250 B.R. 131, 134 (Bankr. M.D. Fla. 2000). The burden is considerable because exceptions to discharge are to "be strictly construed against the creditor and liberally in favor of the debtor." Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986).

### *11 U.S.C. Section 523(a)(2)(A)*

Section 523(a)(2)(A) provides a discharge pursuant to Section 727 does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—"

> false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

The Bank must establish the traditional elements of common law fraud to prevail:

(i)     Kendrick made a false representation to deceive the Bank;
(ii)    the Bank relied on the misrepresentation;
(iii)   the reliance was justified; and
(iv)    the Bank has sustained a loss as a result of the misrepresentation.

SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998); Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996).

The cornerstone element in a Section 523(a)(2)(A) nondischargeability proceeding is a misrepresentation made with the intent to deceive the creditor. "'[I]t is not sufficient that the 'materially false statement' . . . is untrue, erroneous, or mistaken; such statement, in order to constitute a bar to the discharge of the bankrupt, must be false in the sense that it is intentionally untrue.'" Odom v. Odom (In re Odom), 2010 WL 883863 at *1 (Bankr. N.D. Ala. 2010) (quoting Hartsfield Co. v. Smith, 61 F.2d 723, 724 (5th Cir. 1932)).

Intent is a subjective issue. Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 305 (11th Cir. 1994). A determination of fraudulent intent is an issue of fact and "depends largely upon an assessment of the credibility and demeanor of the debtor . . . ." Id.; In re Vermilio, 457 B.R. 863 (Bankr. M.D. Fla.2011). A review of the totality of the circumstances is relevant in determining a debtor's intent. In re Miller, 39 F.3d at 305.

6

### *11 U.S.C. Section 523(a)(2)(B)*

Section 523(a)(2)(B) excepts a debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by:

use of a statement in writing—

    (i)     that is materially false;

    (ii)    respecting the debtor's or an insider's financial condition;

    (iii)   on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

    (iv)   that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B). The "intent to deceive" analysis employs the same intent analysis employed in a Section 523(a)(2)(A) determination and may be established by the totality of the circumstances. In re DeJulio, 322 B.R. 456, 461 (Bankr. M.D. Fla. 2005).

### *Dischargeability Analysis*

A debt is dischargeable if any one of the elements of the statutory causes of action is not established. In re Miller, 39 F.3d at 304.

Wells Fargo failed to establish two elements of the causes of action alleged in its Complaint. The Bank failed to establish Kendrick's answer to the PFS question about bankruptcy and judgments was false. Wells Fargo failed to establish any misstatement on the PFS was intentional or meant to deceive.

The question at issue (on a form drafted by Wells Fargo) is ambiguous. Its inexact language is subject to more than one interpretation. Where a form is ambiguous, it will be construed against the drafter. Continental Ins. Co. v. Roberts, 410 F.3d 1331, 1335 (11th Cir. 2005).

Kendrick's interpretation that "declar[ing] bankruptcy" would not include his Chapter 11 reorganization is not an unreasonable one.  The PFS is unclear as to whether an arbitration award must be disclosed.  Kendrick's construction of the question (it asks about liquidations and judgments <u>by a court</u>) is not unreasonable and his negative answer is not, therefore, an <u>intentionally</u> false statement.

The Bank has failed to establish each of the elements of a Section 523(a) claim. Kendrick's personal indebtedness to Wells Fargo is dischargeable and judgment is due to be entered in favor of Kendrick and against Wells Fargo pursuant to 11 U.S.C. Section 523(a)(2).

### *Attorneys' Fees and Costs*

The parties' pleadings request attorneys' fees and costs incurred in this proceeding.  (Doc. Nos. 1 & 6).

The Master Loan and Security Agreement between them provides for Wells Fargo's recovery of these amounts as a remedy for default.  (Doc. No. 1, Ex. B. ¶ 15(c)).

Section 57.105, Fla. Stat. states in pertinent part:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Fla. Stat. § 57.105(7).

Wells Fargo would be entitled to an award of reasonable attorneys' fees and costs pursuant to the loan agreement if it had been the prevailing party.  Kendrick is the

successful party in this proceeding and is entitled, pursuant to the loan agreement and Fla. Stat. Section 57.105(7), to reasonable attorneys' fees and costs incurred defending it.

Kendrick shall file with the Court a detailed record of all attorneys' fees and costs sought for defending this action after which the Court shall enter a supplemental judgment awarding reasonable fees.

### *Conclusion*

Wells Fargo failed to establish each of the elements of a Section 523(a) claim. Kendrick's indebtedness to Wells Fargo is dischargeable. Judgment is due to be entered in favor of Kendrick and against Wells Fargo.

Kendrick is entitled to recover reasonable fees and costs from Wells Fargo pursuant to the loan agreement and Fla. Stat. Section 57.105(7).

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that James Bruce Kendrick Sr.'s indebtedness to Wells Fargo Bank N.A. is dischargeable; and it is further

**ORDERED, ADJUDGED and DECREED** that James Bruce Kendrick Sr. is entitled to recover reasonable fees and costs from Wells Fargo Bank, N.A. pursuant to the loan agreement between them and Fla. Stat. Section 57.105(7); and it is further

**ORDERED, ADJUDGED and DECREED** that James Bruce Kendrick Sr. shall file with the Court a detailed record of all attorneys' fees and costs sought for defending this action within fourteen (14) days of the entry of this Order; and it is further

**ORDERED, ADJUDGED and DECREED** that Wells Fargo Bank N.A. has seven (7) days from the filing of James Bruce Kendrick Sr.'s request for attorneys' fees and costs to respond.

9

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this _28th_ day of June, 2013.

_____
ARTHUR B. BRISKMAN
United States Bankruptcy Judge