### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION
#### www.flmb.uscourts.gov

In re:

JAMES BRUCE KENDRICK, SR.,                     Case No. 6:12-bk-16342-ABB
                                               Chapter 7
     Debtor.
_____/

WELLS FARGO BANK, N.A.,

     Plaintiff,                      Adv. Pro. No. 6:13-ap-00017-ABB

vs.

JAMES BRUCE KENDRICK, SR.,

     Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

The Court entered Judgment in favor of the Debtor/Defendant Kendrick on June 28, 2013 (DE 36) pursuant to a Memorandum Opinion rendered on the same date (DE 35). The Court held Kendrick's understanding of the Bank-drafted Personal Financial Statement ("PFS") questions and his negative responses to those questions were not unreasonable and the deficiency owed by Kendrick on a commercial loan made by the Wells Fargo Bank, N.A. ("the Bank") to Kendrick's orthodontia practice is a dischargeable debt (DE 35). The Court found Kendrick entitled to reasonable attorney's fees and costs and requested his counsel make a request for fees and costs incurred in defending the adversary proceeding (DE 35).

Kendrick's counsel filed a Verified Motion for Attorney's Fees and Costs ("Motion for Fees and Costs") (DE 39). The Bank filed a Motion for Reconsideration of the Judgment and

1

Opposition to the Motion for Fees and Costs ("Motion for Reconsideration") (DE 40).  The Bank supported its Motion for Reconsideration with a Request for Judicial Notice, filed five days after the Motion for Reconsideration (DE 43). Kendrick responded with a Motion to Strike the Request for Judicial Notice ("Motion to Strike") (DE 47).  A hearing was held on all post-trial motions on August 6, 2013, at which Kendrick, the Bank, and their respective counsel appeared. The Motion to Strike (DE 47) and the Request for Judicial Notice (DE 43) are due to be denied. The Motion for Reconsideration (DE 40) is due to be granted to the extent it seeks denial of the award of fees and certain costs to Kendrick.  Kendrick's Motion for Fees and Costs (DE 39) is due to be granted to the extent of recovery for certain allowed costs.

## CONTENTIONS OF THE PARTIES

The Bank's Motion for Reconsideration, filed in response to the Memorandum Opinion, addresses two issues: the falsity and reasonableness of Kendrick's responses to the PFS questions and Kendrick's entitlement to attorney's fees and costs.   The Bank presents no evidence or citations to law in support of its argument Kendrick's responses to the PFS questions were false or unreasonable.  The Bank later requests the Court take judicial notice of multiple websites, agencies, and loan applications use of the phrase "declare bankruptcy" in support of its Motion for Reconsideration (DE 43).  Kendrick's responsive Motion to Strike argues the Request for Judicial Notice is untimely and the evidence contained therein is improper for judicial notice (DE 47).

The Motion for Reconsideration makes several arguments in support of the Bank's opposition to the Memorandum Opinion's award of attorney's fees and costs to Kendrick.   The Bank does not take issue with the reasonableness of the attorney's fees requested by Kendrick; it

makes no argument for their reduction.  The Bank objects to the award of any fees or costs other than the cost of photocopies as unauthorized by the relevant statute, 28 U.S.C. § 1920.

The Bank argues Kendrick cannot recover attorney's fees and costs because he did not make his request by motion; the adversary proceeding was not an action "with respect to the contract" as phrased in Fla. Sta. § 57.105(7); the loan agreement is governed by California law and the adversary proceeding was not an action based "on a contract" as required by Cal. Civ. § 1717(a).

The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The Bank's compilation of various uses of the phrase "declare bankruptcy" is evidence inappropriate for judicial notice.  The Motion to Strike is procedurally improper.  The Bank provides no acceptable new evidence or legal arguments warranting reconsideration of Kendrick's dischargeability of the Bank's loan.

The Master Loan and Security Agreement ("the Note") between the parties provides for the Bank's recovery of attorney's fees and costs as a remedy for default (Doc. No. 1, Ex. B. ¶ 15(c)).  The Note states it is "governed and interpreted in accordance with the internal laws of the State of California" (Doc. No. 1, Ex. B. ¶ 20).  Florida law is inapplicable to the interpretation of the Note and its attorney's fees provision.  California law is applicable.  California's reciprocal fee statute requires the disputed claim giving rise to the attorney's fees be "on a contract."  11 U.S.C. § 523(a) claims are not "on a contract" under California law.

Kendrick is not entitled to attorney's fees for defense of the Bank's § 523(a) claims pursuant to California law.

The parties' pleadings request attorney's fees and costs incurred in the adversary proceeding (Doc. Nos. 1 & 6) and Kendrick has since filed a Motion for Fees and Costs (DE 39) as requested by the Court.   Kendrick requests $32,682.50 for attorney's fees incurred defending the adversary proceeding and $876.39 in costs, including costs for facsimiles, mail, telephone, Westlaw database charges, court reporter fees, and photocopies (DE 39).   Kendrick made his request for fees and costs by motion. Allowable costs are determined by statute, 28 U.S.C. § 1920.  Kendrick has not established recovery of costs other than for photocopies.

## CONCLUSIONS OF LAW

### *Motion to Strike*

Kendrick's motion to strike the motion for judicial notice is due to be denied.   It is procedurally improper.

> Federal Rule 12(f) is not a mechanism that permits the filing of a "motion to strike another motion." The rule allows a court to strike a pleading, such as a complaint in an adversary proceeding, in part or in its entirety.   A motion, such as the [Bank's request for judicial notice], is not a pleading subject to a motion to strike . . . .

In re Aida's Paradise, LLC, 485 B.R. 806, 812 (Bankr. M.D. Fla. 2013) (citations omitted).

### *Request for Judicial Notice*

The Bank's Request for Judicial Notice asks the Court to notice that multiple websites, agencies, and loan applications use the phrase "declare bankruptcy."  The Bank wants to use this evidence to support its Motion for Reconsideration.   The various uses of the phrase "declare bankruptcy" is not an appropriate ground for reconsideration.   This evidence was available

before trial.  Only newly discovered evidence presents a valid ground for reconsideration.  <u>See</u> Fed. R. Civ. P. 60(b); 9C Am. Jur. 2d Bankruptcy § 2730.

The information presented by the Request for Judicial Notice is irrelevant.  The Court found Debtor's understanding of the PFS question using the phrase "declare bankruptcy" was not unreasonable.  The fact other entities use the phrase does not aid the Court in deciding whether Debtor's construction was reasonable and whether he made a knowingly false statement.

The Bank argues Debtor knew or should have known what the Bank intended to ask in the PFS question because others use the "declare bankruptcy" phrase.  Such a conclusion of an individual's state of mind is open to dispute.  It is not a fact appropriate for judicial notice.

Judicial notice of a particular fact is appropriate if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." <u>U.S. v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994) (<u>citing</u> 21 C. Wright & K. Graham, <u>Federal Practice and Procedure: Evidence</u> § 5104 at 485 (1977 & Supp.1994)).  "Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing." <u>Jones</u>, 29 F.3d at 1553 (internal citation omitted).

The Request for Judicial Notice is due to be denied.

### *Motion for Reconsideration*

The Motion for Reconsideration is governed by Federal Rule of Civil Procedure 59, which is applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure

9023.  <u>Sussman v. Salem, Saxon & Nielson, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly."

<u>Id.</u>  The only grounds for granting a motion for reconsideration pursuant to Federal Rule of

Bankruptcy Procedure 9023 "are newly-discovered evidence or manifest errors of law or fact."

<u>Kellogg v. Schreiber (In re Kellogg)</u>, 197 F.3d 1116, 1119 (11th Cir. 1999). The Bank's Motion

for Reconsideration has two parts.  It presents argument regarding the dischargeability of the

debt and Kendrick's entitlement to attorney's fees and costs.

*Reconsideration of the PFS Question*

The Bank primarily reiterates contentions it raised previously, regarding the § 523 action.

The Bank argues Kendrick intentionally misrepresented facts when he responded in the negative

to the PFS questions; presenting no newly-discovered evidence or establishing any manifest error

of law or fact.  The Bank supports its arguments with the Request for Judicial Notice; denied

above.

The Motion for Reconsideration is due to be denied pursuant to Federal Rule of Civil

Procedure 59 and Federal Rule of Bankruptcy Procedure 9023 to the extent it pertains to the

dischargeability determination made by the Court.

*Reconsideration of Attorney's Fees*

The Bank's opposition to a fee award focuses on whether Kendrick is entitled to any

fees.[1]  It does not dispute the reasonableness of the attorneys' fees Kendrick seeks or the

propriety of the services rendered.

Local Rule 7054-1 states:

> In accordance with Fed. R. Bankr. P. 7054, all claims for taxable
> costs or attorney's fees in contested matters and in adversary
> proceedings that are preserved by appropriate pleading or pretrial

---

[1] The Bank's Motion for Reconsideration opposes Kendrick's entitlement to these fees (DE 40).

> stipulation shall be asserted by separate bill of costs or motion, as
> appropriate, filed not later than fourteen (14) days following entry
> of judgment.

The Bank's first grounds for opposition – that the fee request was not properly made – is

incorrect. Kendrick preserved his request for attorneys' fees in his Answer to the Complaint (DE

6) and properly presented the request in a motion post-judgment (DE 39).

The Bank argues its dischargeability claims under 11 U.S.C. §§ 523(a)(2)(A) and (B)

provide no basis for a fee award to a bankruptcy debtor in a non-consumer case or under Florida

law because its claims are not one "with respect to the contract." The Bank is correct a litigant

may recover attorney's fees and costs only where such an award is provided for by statute or

enforceable contract. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257, 95

S.Ct. 1612, 44 L.Ed.2d 141 (1975); TranSouth Financial Corp. of Florida v. Johnson, 931 F.2d

1505 (11th Cir.1991). It is correct 11 U.S.C. § 523(d) is inapplicable in this case.

It is the practice of this Court, where Florida law is applicable, to award attorney's fees to

the prevailing party of an adversary proceeding where the underlying contract provided for

attorney's fees to any party to the proceeding in accordance with Florida Statutes § 57.105. See

In re Moth, 6:09-BK-10554-ABB, 2011 WL 135794 (Bankr. M.D. Fla. Jan. 13, 2011); In re

Lorenzo, 434 B.R. 695 (Bankr. M.D. Fla. 2010); In re Woollacott, 211 B.R. 83 (Bankr. M.D. Fla.

1997). Florida law is not applicable under the facts of this case, however.

The attorney's fees are due to be denied on the Bank's third and alternative grounds for

opposition. The Note provides for the Bank's recovery of attorney's fees "on appeal or in

connection with any bankruptcy proceeding." (Doc. No. 1, Ex. B ¶ 15(c)). The Note's choice-of-

law provision requires the provision of attorney's fees be interpreted pursuant to California law.

California Civil Code Section 1717(a) provides reciprocity for recovering attorney fees to the

prevailing party in "…any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract."

The California Supreme Court and Bankruptcy Courts in California narrowly construe the California statute's language "on a contract" to include only claims that establish the contract as invalid, inapplicable, unenforceable, nonexistent or allege a breach of contract. In re Davison, 289 B.R. 716, 724 (B.A.P. 9th Cir. 2003); Santisas v. Goodin, 71 Cal.Rptr.2d 830, 838 (1998).

False and negligent misrepresentation claims are not among those claims considered to be "on a contract." The Bank's claims under §§ 523(a) are for false misrepresentations made by Kendrick to induce the Bank's agreement to the Note. The Bank's claims in the adversary proceeding are, unquestionably, efforts to enforce the underlying Note, however, they are not contract claims according to California law. Kendrick is the prevailing party in this adversary proceeding, but California law prevents an award of attorney's fees pursuant to its reciprocal fee statute where the successfully defended claim was not "on a contract."

*Reconsideration of Costs*

It is well-established § 1920 of title 28 constitutes the statutory authority for determining expenses that should be allowed. "Allowable costs, however, are limited to the categories in § 1920 and expenses that are not authorized by statute must be borne by the party incurring them." In re Franklin Arms Court, L.P., 2003 WL 1883472, at *14. "Section 1920 of title 28 generally provides categories of costs which would be awardable." In re Celotex Corporation, 251 B.R. at 168. Section 1920 of title 28 provides:

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Kendrick requested $876.39 in costs, including costs for facsimiles, mail, telephone, Westlaw database charges, court reporter fees, and photocopies. Photocopies fall within the enumerated categories of costs allowed in Section 1920. Kendrick has not established recovery of costs other than for photocopies. The remaining expenses fall beyond the scope of 28 U.S.C. § 1920 and are due to be denied.

The Motion for Reconsideration is due to be denied to the extent it seeks reconsideration of Kendrick's dischargeability based upon his answer to the PFS question. The Motion for Fees and Costs is due to be denied with the exception of costs for photocopies.

### *Conclusion*

The Motion to Strike (DE 47) and the Request for Judicial Notice request (DE 43) are due to be denied. The Motion for Reconsideration (DE 40) is due to be denied to the extent it seeks reconsideration of Kendrick's dischargeability of the loan with the Bank based upon his answers to the PFS questions. The Motion for Fees and Costs (39) is due to be denied except for costs for photocopies. Kendrick is entitled to recover $163.50 as allowable costs from the Bank.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Bank's Request for Judicial Notice is **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that Kendrick's Motion to Strike is **DENIED**; and it is further

ORDERED, ADJUDGED and DECREED that the Bank's Motion for Reconsideration is **DENIED** to the extent it seeks reconsideration of Kendrick's dischargeability of the Bank's loan based upon his answers to the PFS questions; and it is further

ORDERED, ADJUDGED and DECREED that Kendrick's Motion for Fees and Costs is **DENIED** to the extent it seeks an award for all fees and costs except costs for photocopies in the amount of $163.50.

Dated this 27th day of August, 2013.

_____
ARTHUR B. BRISKMAN
United States Bankruptcy Judge

10